ELIJAH STONE *v.* TOWN OF GLOVER.

*Pauper.*

1. In an action by one to recover of a town for keeping a pauper, it is error for the court, if the element of transiency is in the case, to charge the jury that the plaintiff could not recover for anything furnished the pauper after the defendant's overseer notified him that he would not pay therefor.

2. One may be a transient pauper, although his disability is not caused by a *sudden* visitation of disease or accident.

ASSUMPSIT to recover for keeping one Mary Stone, mother of the plaintiff, an alleged pauper of the defendant town, from the first day of March, 1886, to the 23d day of July, 1887; and for certain articles of clothing furnished the pauper. Trial by jury, February Term, 1888, POWERS, J., presiding. Verdict for the plaintiff to recover $19.50. Exceptions by plaintiff.

It appeared that in 1877 or 1878, the defendant town accepted said Mary Stone as a pauper belonging to said town, and supported her from that time until March 1, 1886, as such, with the exception of about six months, when she was away to Canada with a son who resided there; that in the year 1882, one Dwinell, overseer of the poor for the town of Glover, made a contract with the plaintiff to support the said Mary Stone for the ensuing year, and shortly thereafter brought the pauper to the plaintiff's in Glover; that at the March meeting, 1883, one C. P. Bean was chosen overseer of Glover which office he continued to hold until the present time; that on the 22d day of May, 1883, he called upon the plaintiff, who had continued to keep the pauper to that time, and made a contract, in writing, with him to keep her to the first day of the following March; that after the close of that year the overseer

again called upon said plaintiff, and it was agreed that said contract should be extended to the first day of March, 1885 ; that some time after the close of that contract the overseer again called upon the plaintiff, and it was agreed that said contract should be further extended to the first of March, 1886 ; that at the March meeting, 1886, the overseer paid the plaintiff all that was his due for keeping the pauper, and all that was in any way due to the plaintiff on account of anything furnished to the pauper at that date, except a small amount for clothing furnished to her before that time. It appeared that the pauper had been kept continuously by the plaintiff from the time she was brought to his house by Joseph Dwinell, in 1882, until the time of the trial, and that no contract had been made with the plaintiff during said time to do anything with or for the pauper, except to keep her, and, on some occasions, to furnish her with some little necessaries. It also further appeared that nothing passed between the overseer and the plaintiff relative to keeping the pauper after said March meeting, 1886, until May 21, following, at which time the overseer notified the plaintiff that the defendant would no longer support said pauper. The plaintiff claimed, and gave evidence tending to prove, that on the first day of June, 1886, he gave said overseer notice to take said pauper away, and that if he neglected to do so he, the plaintiff, should charge $1.75 per week for keeping her thereafter ; that the overseer then notified the plaintiff that he should neither take her away nor pay for keeping her.

The defendant's evidence tended to prove that the plaintiff did not notify the overseer at the last named interview to take the pauper away, but did notify him that he should charge $1.75 per week so long as the pauper remained there with him.

The plaintiff's evidence further tended to prove that the pauper was poor and in need of relief, and unable to support herself, and that she had been insane since 1868, but gradually growing worse until the time of trial.

Stone *v.* Glover.

*W. W. Miles*, for the plaintiff.

Mary Stone, the pauper, was a *transient person* within the meaning of section 2818, Rev. Laws, and upon the refusal of the overseer of the poor of defendant town to take charge of her when notified so to do by the plaintiff, said plaintiff became entitled to recover against said town for support thereafter furnished to her, under and by virtue of said section. R. L. ss. 2814–15–18 ; Acts of 1886, No. 42 ; *Goodell* v. *Mount Holly*, 51 Vt. 432 ; *Charlestown* v. *Lunenburgh*, 23 Vt. 525.

The jury must have found that there was no such contract between the pauper and the plaintiff as was claimed by defendant, because they found for the plaintiff to recover $19.50 damages. They could not have found for the plaintiff to have recovered that sum without finding that there was a legal and binding contract on the part of the town to pay for the pauper's support, either expressed or implied. *Wheeler* v. *Washburn*, 24 Vt. 293 ; *Pomroy* v. *Slade*, 16 Vt. 222 ; *Mason* v. *Peters*, 4 Vt. 101 ; *Russell* v. *Buck*, 11 Vt. 166 ; Ib. 66 ; *Cole* v. *Shurtleff*, 41 Vt. 311.

*L. H. Thompson*, for the defendant.

The overseer of the poor is charged with the support of poor persons, but he is the sole judge as to who shall receive the bounty of the town. R. L. s. 2815 ; *Houghton* v. *Danville*, 10 Vt. 537 ; *Holloway* v. *Barton*, 53 Vt. 300. When defendant's overseer decided that plaintiff's mother was no longer to receive support from defendant, and so notified the plaintiff, that ended his right to recover of defendant for her support, unless she was a transient person suddenly taken sick or otherwise disabled and confined at a house other than her home, within the meaning of section 2818 of Rev. Laws. The exceptions are utterly devoid of any fact which brings the case within this section of the statute.

If the case discloses that the pauper was disabled by the sudden visitation of disease, or sudden accident, which it does.

not, it is bare of one element absolutely essential to bring the plaintiff's case within this section of the statute, viz., the fact that being so disabled she was " thereby confined at the house of some one whose house is not her home." *Goodell* v. *Mount Holly*, 51 Vt. 426.

Towns are only liable for the support of paupers when they are made so by some statutory provision. *Ives* v. *Wallingford*, 8 Vt. 227 ; *Houghton* v. *Danville*, 10 Vt. 537.

The pauper was insane, hence, the Act of 1886, No. 42, s. 8, relieved the defendant of all liability to support her after November 24, 1886, the time the act took effect.

The opinion of the court was delivered by

ROWELL, J. It was error to charge that if the overseer notified plaintiff on June 1, 1886, that he should not pay him for keeping the pauper, that no recovery could be had for keeping her thereafter ; for it denied all right of recovery on the ground of the pauper's transiency, which was an element in the case, and that phase of it should have been submitted to the jury, with proper instructions.

Defendant argues that that question was not involved, because it says that it does not appear that the pauper was disabled by the *sudden* visitation of disease or accident, nor that she was confined at a house not her home, but that on the contrary it appears that she was where she had contracted for and had a right to be, and so was at home.

As to the first proposition, it is not necessary that the disability should be caused by the *sudden* visitation of disease or accident. " Otherwise disabled " is enough, and the evidence tended to show that. *Charleston* v. *Lunenburgh*, 23 Vt. 525, is full authority for this.

As to the second proposition, there was evidence *pro* and *con* in respect of her having by contract a right to a home with the plaintiff ; but that question was not submitted to the jury, for this branch of the case was wholly taken from it by that part of the charge to which exception was taken.

Judgment reversed, and cause remanded.